TAYLOR, J.
 

 Appellant, Tyrone Blash, was convicted of first degree murder and conspiracy to commit first degree murder. On appeal, he argues two points: (1) that the trial court erred in allowing the state to introduce photographs and other evidence relating to the use of accelerants throughout the victim’s residence after the victim’s death, and (2) that the trial court erred in denying appellant’s motion for mistrial after a state witness’s testimony suggested that appellant had other criminal charges. We affirm on both points for the reasons stated below.
 

 On July 16, 2001, close family friends of Chris Conley found him dead, lying face down on the living room floor of his Fort Lauderdale home with his hands and feet bound by electrical cords and fishing wire. Mr. Conley lay in a pool of blood, having suffered multiple gaping head wounds and nineteen stab wounds to the neck, chest and abdomen. Soon after the victim’s body was discovered, a deputy arrived at the scene and noticed a chemical odor coming from the kitchen. He saw rags and pots on the stove and smelled chemicals in the living room and kitchen.
 

 At trial, the state presented evidence that accelerants had been spread throughout the residence after the victim’s death. Forensic chemist Robin Gall testified that some type of ignitable liquid had been poured on the victim’s body and clothing. A crime scene investigator testified that he found a can of paint thinner, which had been tipped over, next to the victim’s body and another can of paint thinner in the attic. He also testified that he saw bubble wrap, coated with the same substance found in the cans, spread throughout the victim’s home. Over defense counsel’s objections, the state admitted photographs of the cans, bubble wrap, apartment, and la
 
 *1197
 
 tent fingerprints recovered from the cans and other items.
 

 Appellant argues that the trial court erred by allowing the jury to hear testimony about the accelerants and to see photographs of them. He contends that this evidence was irrelevant in that it did not tend to prove or disprove any element of first degree murder or conspiracy to commit first degree murder. He further argues that even if relevant, the evidence was highly prejudicial and outweighed any probative value.
 

 The state responds that the testimony, photographs, and other physical evidence relating to accelerants were relevant in that they confirmed details of appellant’s out-of-court confession. During appellant’s videotaped confession to a Manhattan assistant district attorney, he stated that after the victim was beaten and stabbed, he tied the victim’s hands and feet with electrical cord and fishing wire and attempted to set the victim and his home on fire. He first grabbed a battery charger and hooked it up to the back door of the house to make sure that anyone who came to the residence would be electrocuted upon entering. Next, appellant poured flammable materials, cans of paint thinner, around the house and on the victim. To facilitate a fire, appellant scattered bubble wrap all around the house and then turned on the electrical stove burners.
 

 The trial court did not abuse its discretion in admitting testimony and other evidence relating to the accelerants; the evidence corroborated appellant’s out-of-court statements and was consistent with the physical evidence found at the scene of the crime.
 
 See Thompson v. State,
 
 565 So.2d 1311, 1315 (Fla.1990) (holding that photographs of the victim were relevant to establish the victim’s identity and to show that the defendant’s out-of-court confessions were consistent with the physical evidence found at the scene). Further, the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. As the state correctly noted, evidence of the accelerants corroborated appellant’s statements about his intentions to burn down the home and further framed the events of the murder.
 

 In his second point on appeal, appellant argues that the trial court reversibly erred in denying his motion for mistrial after a state witness, Manhattan Assistant District Attorney Jody Kane, referred to his “New York case,” suggesting that appellant had other criminal charges in New York. In short, the trial court properly denied the motion for mistrial as this testimony was in response to defense counsel’s questions on cross-examination about appellant’s contact with another New York police officer prior to giving his videotaped statement to Kane. Further, the reference to appellant’s “New York case” was isolated, inadvertent, and not so egregious as to warrant a mistrial.
 

 Affirmed.
 

 STEVENSON and MAY, JJ„ concur.